## Joseph J. Whiting & others vs. John Hadley.

A sheriff's deed of an equity of redemption of mortgaged land which is described as having been sold by him on execution conveys no title, if it does not correspond with his description of the premises in his return upon the execution.

PETITION FOR PARTITION. The title of the petitioners was under a sheriff's deed of an equity of redemption of mortgaged land, in which the boundaries of the described premises were different upon two sides from those given in the return upon the execution, and included much more land, some of which belonged to other persons; and *Allen*, C. J. ruled that the deed was invalid, and ordered the petition to be dismissed. The petitioners alleged exceptions.

*D. Peabody*, for the petitioners.

*J. C. Perkins*, for the respondent.

DEWEY, J. Rights in equity of redeeming mortgaged estates may be sold on execution under Rev. Sts. *c.* 73, § 37. But to vest a valid title in the purchaser a strict compliance with the provisions of the statute is necessary. Among these provisions, a conveyance by a deed from the officer to the purchaser is essential; such deed " being recorded in the registry of deeds for the county where the land lies, within three months after sale, shall give to the purchaser all the right, title and interest in the premises that the debtor had therein." Rev. Sts. *c.* 73, § 38. It is obvious from this provision that the deed from the officer to the purchaser is an essential element in his title. In such deed, either by express words, or by direct reference to the return on the execution, or to some other instrument for a description, the description of the land to which the equity sold is attached must be accurately stated. In the present case, the description of the boundaries of the land purporting to have been the subject of the sale, and to be passed by the deed, are fully stated. The difficulty is, that there was no levy or sale of the lands thus described. The deed embraces various parcels of land which not only are not included in the mortgage, the

right of redeeming which was levied upon and sold, but which are not embraced in the actual sale, or return thereof by the officer on the execution. That return is very specific in its boundaries, and the deed should have corresponded with it. The deed does not recite the sale of the equity of the lands of the debtor as there described, but alleges a sale of an equity of a much larger quantity, embracing other lands and a parcel of land owned by a third party, and purports to convey the debtor's right in redeeming all the land thus described. There is no levy and sale to support the deed in its recitals as to boundaries. The deed and its recitals not being in accordance with the levy and actual sale on the execution, no legal title has vested in the purchaser. The petitioners have therefore failed to maintain their title, and their petition was properly dismissed. *Exceptions overruled.*